IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA MARTINEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:06-cv-636-WKW |
| | ) |
| TRACY McCORD, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court for consideration are several motions: the motion to dismiss state law claims for lack of jurisdiction filed by the United States (Doc. # 26); the motion for summary judgment on the basis of qualified immunity filed by Special Agent Devin Whittle ("Whittle") (Doc. # 27); and the motion to dismiss or in the alternative for summary judgment filed by Sheriff Lamar Glover ("Glover") (Doc. # 46). In their responses, the plaintiffs concede that the United States' motion and Glover's motion are due to be granted. (Docs. # 35 & # 49.) Plaintiffs also concede in their response that their claims under 42 U.S.C. § 1985 and § 1986 are due to be dismissed. (Doc. # 42, at 15.)

Thus, the only defendants with issues remaining are Whittle and Tracy McCord ("McCord"), who are each sued in their individual capacity only.[1] The following § 1983 claims, as stated in the Second Amended Complaint, remain: unlawful entry in contravention of the Fourth and Fourteenth

---

[1] The City of Daleville has previously been dismissed as a defendant. (Doc. # 23.)

Amendments under Count I; unlawful search and seizure in contravention of the Fourth Amendment under Count II; and excessive force in contravention of the Fourth Amendment under Count III.[2]

Whittle's motion for summary judgment is the only remaining motion before the court. Whittle's primary argument is that he is entitled to qualified immunity because there is no evidence of his personal violation of any clearly-established constitutional standard at any time during the search of the plaintiffs' residence. Upon careful review of the parties' briefing and all proffered evidence, the court concludes that Whittle's motion for summary judgment is due to be granted under the familiar Rule 56 standard.[3]

This case arises out of a search of plaintiff Felicia Martinez's ("Martinez") mobile home for drugs and drug paraphernalia under a Houston County, Alabama search warrant dated January 17,

---

[2] Whittle is a federal officer and was acting under color of federal law. Although the plaintiffs sue under § 1983, the court construes the complaint as one brought under *Bivens*. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Because courts generally apply § 1983 law to *Bivens* cases, *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000), the qualified immunity analysis is the same under either cause of action. *Wilson v. Layne,* 526 U.S. 603, 609 (1999).

[3] Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

2006.  (Whittle Br., Ex. B.)  The factual background, set forth in Whittle's declaration (*id*., Ex. A) and Martinez's declaration (Martinez Br., Ex. 1), is not materially disputed.  Martinez and her minor children, ages five and seven, were watching television at 7:00 p.m. when the S.W.A.T. team made an explosive entry into her home, located at 43 Pitts Drive, and secured the premises for the drug task force to execute the search warrant.  Other officers made a coordinated and simultaneous entry into another nearby mobile home located at 81 Pitts Drive.  At the time of entry into Martinez's home, Whittle, an officer with the Drug Enforcement Agency ("DEA"), was on duty watching the perimeter of the entry at 81 Pitts Drive.  Whittle did not participate in the entry of Martinez's home at 43 Pitts Drive nor in its occupants being "secured."  He initially searched 81 Pitts Drive, where significant drug and paraphernalia evidence was seized (along with Martinez's estranged husband, Juvenal), and then Whittle walked to 43 Pitts Drive to do the same.  He was dressed in street clothes with a jacket bearing "DEA" in large letters.  Though he was armed, he never drew his weapon.  When he arrived, Martinez was sitting on the couch, not in handcuffs and not in any apparent distress.  Whittle introduced himself, gave Martinez his card, conducted a "quick walk-through" of Martinez's home, and left.

      The events about which plaintiffs complain involve the violent entry into Martinez's home by the S.W.A.T. team.  A "flash-bomb" or other explosive device was thrown through the window, exploding in front of one of the boys watching television.  Officers with masks, assault garb, and drawn weapons entered the mobile home by breaking down a door.  Weapons were pointed at Martinez and her minor children, and they were required to lie on the floor face-down.  Nothing in Martinez's offering of evidence suggests that Whittle personally had anything to do with the events complained of, with the exception of the search of Martinez's home.  Martinez does not contradict

3

that Whittle did a "walk-through" and left.  Her affidavit does not specify which officers conducted the thorough and allegedly damaging search.

Summary judgment is due to be granted for at least two reasons.  First, Whittle can only be liable for his own conduct, not the conduct of others.  *See Monell v. Dep't of Social Serv. of New York*, 436 U.S. 658, 692 (1978); *Gonzales v. Reno*, 325 F.3d 1228, 1234-36 (11th Cir. 2003).  Martinez has presented no evidence of Whittle's involvement in the conduct about which she complains.  Second, Whittle is entitled to qualified immunity, which "offers a complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Plaintiffs have not presented evidence that Whittle personally violated their clearly established statutory or constitutional rights.

Plaintiffs argue four constitutional points, three of which require no further analysis: that Whittle used excessive force; that Whittle had a duty to knock and announce; and that Whittle had a duty to leave a copy of the warrant with the plaintiffs.  There is no evidence that Whittle used *any* force, much less *excessive* force.  Nor did he have a duty to knock and announce, as the home had already been opened and secured by other officers when he entered it.  Finally, plaintiffs have not shown a constitutional duty to leave a copy of the search warrant with them, nor that Whittle had any leadership role in this search which would mandate any administrative role on his part.

One argument requires analysis, but does not change the result.  Plaintiffs insist that the search warrant under which Whittle (and others) entered the home was invalid for lack of probable cause.  Assuming *arguendo* that the search warrant was invalid, which the court does not now

4

decide, the court finds that Whittle is entitled to qualified immunity. There is no evidence that Whittle obtained the search warrant, that he possessed the warrant during the search of 41 Pitts Drive, or that he was the officer leading the search pursuant to the warrant. Thus, Whittle did not act unreasonably, and the court cannot conclude that he knew or should have known that his conduct might result in a violation of the plaintiffs' Fourth Amendment rights. *See Hartsfield v. Lemacks*, 50 F.3d 950, 955-56 (11th Cir. 1995) (holding that law enforcement agents who accompanied deputy sheriff during search were entitled to qualified immunity from claim arising from execution of a search warrant at the wrong house where there was no evidence that the agents acted unreasonably in following the lead of the deputy who had obtained the warrant and possessed it during the search).

Accordingly, it is ORDERED that:

1.     The United States' motion to dismiss (Doc. # 26) is GRANTED; all claims against the United States are DISMISSED with prejudice; and the United States is DISMISSED as a defendant to this action;

2.     Glover's motion to dismiss or in the alternative for summary judgment (Doc. # 46) is GRANTED; all claims against Glover are DISMISSED with prejudice; and Glover is DISMISSED as a defendant to this action;

3.     Whittle's motion for summary judgment (Doc. # 27) is GRANTED; and judgment is entered in favor of Whittle and against the plaintiffs on all claims.

4.     Because the City of Daleville is no longer a party, the clerk and remaining parties are directed to use the style of the case appearing on this order.

DONE this 26th day of June, 2007.

          /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE